UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

REBECCA SUZANNE DENOFRE,　　　　　　Case No. 2:20-cv-00191

　　　　　　Plaintiff,　　　　　　　　　　　　　Hon. Janet T. Neff
　　　　　　　　　　　　　　　　　　　　　　　　U.S. District Judge
　　v.

FEDERAL BUREAU
OF INVESTIGATION, et al.,

　　　　　　Defendants.
_____/

**REPORT AND RECOMMENDATION**

### I.　　Introduction

Plaintiff Rebecca Denofre filed this action against a number of Defendants[1]: two unknown special agents with the Federal Bureau of Investigation (FBI); the Mayor and the City Manager Mike Angelli of the City of Marquette, Michigan; Mr. Matthew Weise; Mr. Andrew Griffin; Ms. Jill Simms; Marquette County Sheriff Gregory Zyburt and unknown deputies; Marquette Police Chief Blake Rieboldt; Captain of Patrol Operations Mike Laurila; Clerical Dispatcher Elizabeth Paupore; the Mayor and the City Manager Heffron of the City of Negaunee, Michigan; Negaunee Police Chief Jay Frusti; Negaunee Police Chief Pat Ketola; Mr. David Salbert; an unknown Negaunee Police Officer; the Mayor and the City Manager of the City of Ishpeming, Michigan; Ishpeming Police Chief Steve Snowaert; Detective Chad Radabaugh; and Police Officer Justin Bianco. On October 1, 2020, the Court

---

[1]　　The titles and names of the Defendants are listed as they are alleged in Denofre's complaint. (ECF No. 1, PageID.3.)

granted Denofre leave to proceed in forma pauperis under 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the undersigned respectfully recommends that the complaint be dismissed for failure to state a claim.

## II. Factual Allegations

The complaint is not a model clarity. Denofre alleges that, over the telephone, on or about March 13, 2017, she "requested services in person" from the FBI field office. (ECF No. 1, PageID.1.) Denofre fails to explain what in-person service she requested. In her complaint, Denofre states that she was "called delusional" during the telephone call and that she was denied service. (*Id.*)

In addition, Denofre alleges that on or about September 30, 2020, "a package was delivered to [her] apartment by UPS Ground." (ECF No. 1, PageID.1.) Denofre again contacted the FBI field office and requested an in-person service. Denofre asserts that the "FBI agents refused to file a FBI report or conduct an investigation, and made negative comments regarding [her] disability." (*Id.*, PageID.2.) Denofre fails to explain what disability she possesses.

Denofre affixed two documents to her complaint. The first is a document that contains an assortment of information: (1) the name and address of the Residential Agent in Charge of the United States Secret Service (the Secret Service) Steven McMahon, (2) the account and routing numbers of a few Wells Fargo Bank accounts, and (3) conclusory accusations that Denofre was abused by the Department of Homeland Security and verbally assaulted by an FBI agent. (ECF No. 1-1, PageID.6.) The second document is a letter to Mr. Matthew Weise. (ECF No. 1-1, PageID.7-8.)

In the letter, Denofre states that she is a victim of police violence, that she will speak out about the mistreatment, that she perceives herself to be a criminal conspirator despite not choosing to be, and that the Secret Service has investigated her case and referred the case to the U.S. Attorney's Offices for the Western District of Michigan and Eastern District of Wisconsin. (*Id*.) Denofre then accuses Mr. Weise of denying her services by failing to file a police report and influencing other law enforcement agencies to do the same. (*Id*.)

### III. Standard of Law

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id*. The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the plausibility standard is not equivalent to a

3

"probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### IV.    Personal Involvement

Throughout the complaint, Denofre fails to make any factual allegations against any Defendant other than the unidentified FBI agents and Mr. Weise. Thus, Denofre has not alleged that the Defendants have sufficient personal involvement to establish liability under Section 1983. *See Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). Consequently, the undersigned respectfully recommends that every Defendant, except for the unidentified FBI agents and Mr. Weise, be dismissed due to lack of personal involvement in the subject matter of Denofre's complaint.

### V.    Americans with Disabilities Act Claims

The main thrust of Denofre's allegations are that the unidentified FBI agents and other Defendants violated the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131, by denying her services because of her disability. To establish a prima facie case of intentional discrimination, a plaintiff must show (1) a disability; (2) that the plaintiff is otherwise qualified; and (3) the plaintiff was being excluded from participation in, denied the benefits of, or subjected to discrimination under the

4

program because of her disability. *Tucker v. Tenn.*, 539 F.3d 526, 529 (6th Cir. 2008) *overruled in part by Anderson v. City of Blue Ash*, 798 F.3d 338, 357 n.1 (6th Cir. 2015).[2] After a thorough review of Denofre's complaint, the undersigned concludes that Denofre failed to allege any facts that would satisfy the first or second element of an ADA claim.[3]

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (internal citations omitted). With respect to the first element – whether Denofre has a disability – she repeatedly states that she has a disability. (*See* ECF No. 1.) At no point, however, does Denofre explain the nature of her disability. Accordingly, Denofre's allegations lack the necessary factual enhancements to satisfy the Court's pleading requirements with respect to the first element of an ADA claim. As for the second element – whether Denofre qualifies as a disabled person entitled to the protections of the ADA – Denofre fails to provide any factual allegations to explain why she qualifies for the protections of the ADA. The undersigned concludes that Denfroe has failed to make factual allegations that could

---

[2] The third element in *Tucker* required a showing that the discrimination be "solely" because of the disability. *Tucker*, 539 F.3d at 535. *Anderson* simply removed the sole-causation requirement. 798 F.3d at 357 n. 1.

[3] The undersigned notes that there are pleading issues regarding the third element of the ADA claim as well. Specifically, Denofre fails to allege what "in-person" services that she was being denied. By failing to provide such allegations, Defendants are denied a "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (2007) (quoting *Conley*, 355 U.S. at 47).

5

plausibly satisfy the second element of an ADA claim.

For the forgoing reasons, the undersigned respectfully recommends that the Court dismiss Denofre's ADA claims for failure to state a claim.

### VI.   State Law Claims

Denofre also appears to assert gross negligence and defamation claims under state law. *See Andrews v. Prudential Sec*, 160 F.3d 304, 308 (6th Cir. 1998) (evaluating defamation as a state law claim); *Kellerman v. Simpson*, 258 F. App'x 720, 728 (6th Cir. 2007) (evaluating gross negligence as a state law claim). "Where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits." *Coleman v. Huff*, No. 97-1916, 1998 WL 476226, at *1 (6th Cir. Aug. 3, 1998) (citing *Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991)); *see also Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).  Therefore, the undersigned respectfully recommends that the Court dismiss Denofre's state law claims without prejudice.

### VII.   Recommendation

The undersigned respectfully recommends that the Court dismiss the complaint for a failure to state a claim. If the Court accepts this recommendation, the case will be dismissed.

Dated:   October 8, 2020             /s/ *Maarten Vermaat*
                                                          MAARTEN VERMAAT
                                                          U. S. MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).